**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

EZEQUIEL RODRIGUEZ GONZALEZ,    )
                               )
                Petitioner,    )
                               )
-vs-                           )        NO. CIV-26-0131-HE
                               )
KRISTI NOEM, Secretary, U.S.   )
Department of Homeland Security, et al.,   )
                               )
                Respondents.   )

**<u>ORDER</u>**

Petitioner Ezequiel Rodriguez Gonzalez seeks a writ of habeas corpus to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE) agents.  According to the petition, he was stopped by ICE agents while driving to work on September 12, 2025.  After interrogating petitioner and other co-workers riding in his truck, the agents allegedly took petitioner into custody on the basis that he was a native and citizen of Mexico present in the United States without lawful immigration status.  Petitioner indicates that, at the time he was apprehended, he had resided in the United States since at least March of 2004, living in Norman, Oklahoma.  He indicates he has three teenage children who are United States citizens and contends he has no criminal history.

ICE initiated removal proceedings against petitioner, charging him as an alien present in the United States who has not been admitted or paroled.  *See* 8 U.S.C. § 1182(a)(6)(A)(i).  The petition indicates counsel, on behalf of petitioner, requested a bond redetermination hearing before an immigration judge.  On December 11, 2025, the

immigration judge allegedly declined to consider the bond request due to lack of jurisdiction based upon the Board of Immigration Appeals' decision, Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025).  Shortly thereafter, relying upon new authority, petitioner filed a renewed bond request.  At a January 8, 2026 hearing, the immigration judge again declined to consider the bond request.  Petitioner indicates he is currently housed at the Cimarron Correctional Facility in Cushing, Oklahoma.

On January 26, 2026, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A), rather than pursuant to 8 U.S.C. § 1226(a), which provides for a bond hearing, violates the Immigration and Nationality Act and the Fifth Amendment due process clause.  Petitioner requested release from custody, or alternatively, a bond hearing pursuant § 1226(a).  As ordered by the court, the federal respondents filed a response to the petition, and petitioner filed a reply.  The matter is at issue.

In their briefing, respondents acknowledge this court's ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641 (W.D. Okla. Jan. 13, 2026), concluding that § 1226(a) rather than § 1225(b)(2)(A) governed the petitioner's detention, and that the facts present in Ramirez Rojas are similar to those present in this case.  However, respondents rely upon contrary decisions by judges in this district, specifically, Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), as well as the contrary decision of the Fifth Circuit Court of Appeals in Buenrostro-Mendez v. Bondi, ___ F.4th ___, 2026 WL 323330 (5th Cir. Feb. 6, 2026), to urge the court to deny

2

petitioner's § 2241 petition.  Upon review, the court declines to reconsider its prior ruling. The conflicting decisions of the judges in this district and the 2-1 decision in Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties. However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[1] and the Seventh Circuit Court of Appeals in Castanon-Nava v. U.S. Department of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025).  Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing.  The court will therefore grant the habeas corpus petition in part[2] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release him if no hearing is held within that time.[3]

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise

---

[1] See Lopez v. Corecivic Cimmaron Correctional Facility, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026); Valdez v. Holt, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); Colin v. Holt, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025), Escarcega v. Olson, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).

[2] The court declines to decide the merits of petitioner's Fifth Amendment due process claim alleged in Count II of the habeas corpus petition in light of its ruling that § 1226(a) governs petitioner's detention.

[3] In their briefing, respondents argue petitioner has not properly invoked the court's jurisdiction because he relies upon 28 U.S.C. § 2241(c)(5) in support of jurisdiction for habeas relief. However, it is clear to the court the § 2241(c)(5) citation is a clerical error and deems the petition amended to rely upon 28 U.S.C. § 2241(c)(3) as support of such jurisdiction.

release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 24th day of February, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE